Case: 3:05-cv-00092-bbc   Document #: 60   Filed: 06/26/06   Page 1 of 3

Document Number  Case Number
01                05-C-0092-C
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
06/26/2006 12:50:30 PM CDT

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK WERMER,

                                          FINAL PRETRIAL
                                          CONFERENCE ORDER

               Plaintiff,

                                          05-C-0092-C

     v.

LA CROSSE COUNTY,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A final pretrial conference was held in this case on June 22, 2006, before United States District Judge Barbara B. Crabb. Plaintiff appeared by James Birnbaum. Defendant appeared by Anna Pepelnjak.

      Counsel had previously approved the proposed voir dire questions so there was no need to discuss them at this conference.

      There were some additional questions about certain exhibits. As to plaintiff's Exhibit 6, Mr. Birnbaum now thinks that he can show that plaintiff observed this letter in the possession of the county. Assuming that he can make this showing, the exhibit can be admitted. As to Exhibit 8, defendant agreed to stipulate that the county had received a copy

of the ERD determination that included paragraph 8 and that plaintiff's counsel can read paragraph 8 to the jury.  As to plaintiff's Exhibit 26, plaintiff believes this e-mail from Hubert to Doyle shows a nexus between plaintiff's activities and Glenn Schmocker. Although the connection seems tenuous to me, I am prepared to admit it.

Defendant may try to show that Glenn Schmocker had no basis for believing that he was being retaliated against by the county and that plaintiff would have known this.  It is plaintiff's burden to show that plaintiff was retaliated against for opposing conduct by the employer that he reasonably believed was illegal.  Therefore, evidence that shows that plaintiff would not have had a reasonable belief is relevant.

Plaintiff objects to defendant's putting in testimony of Allers by deposition. However, it appears that Allers no longer works for the county and that he is more than 100 miles from the courthouse, therefore making it proper for a party to introduce his deposition testimony at trial.

Counsel are to submit proposed versions of their claims and defenses for inclusion in the introductory instructions that I will be reading to the jury as soon as the jurors have been selected.

Counsel still believe that the case will take five days to try. Mr. Birnbaum is to advise Ms. Pepelnjack no later than noon on Friday, July 14, 2006, of the witnesses he will be calling on Monday and the order in which he will be calling them.

Entered this 23d day of June, 2006.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge